NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| MONIQUE S. SIMON, | : | Civil No. 10-5505 (GEB) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| MERCER COUNTY COMMUNITY | : | |
| COLLEGE & BOARD OF DIRECTORS, | : | |
| | : | |
| Defendants. | : | |

This matter having come before the Court on the application to proceed *in forma pauperis* and for appointment of pro bono counsel filed by Plaintiff Monique Simon ("Plaintiff"), the Court makes the following findings:

1. The Clerk will not file the complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915.  *See* Local Civil R. 5.1(f).

2. The filing fee for commencing a civil action in this court is $350.00.  *See* 28 U.S.C. § 1914(a).

3. Plaintiff did not prepay $350.00; rather, she submitted an application to proceed in this matter *in forma pauperis*, pursuant to 28 U.S.C. § 1915 ("Application").

4. In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty. *United States ex rel. Roberts*

*v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969) (finding affiant's application legally insufficient where the application failed to state the facts of affiant's poverty with any degree of particularity, definiteness or certainty) (citing *United States v. Coor*, 213 F. Supp. 955, 956 (D.D.C. 1963), *rev'd on other grounds*, 325 F.2d 1014 (D.C. Cir. 1963)); *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

  5. In her Application, Plaintiff stated that she is currently unemployed; that she receives $2,100.00 per month in unemployment benefits; that her monthly expenses total more than $2,900, including a rent or mortgage payment of $1035.00, utilities of $200.00, food of $350.00, and medical and dental expenses of $300.00. (Doc. No. 1, IFP Application.) She also asserts that she has not paid and does not plan to pay any attorney to assist her with respect to this matter.

  For good cause shown,

  IT IS THEREFORE on this 9th day of February, 2011, hereby

  ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED; and it is further

  ORDERED that the Clerk shall file the Complaint.

  Having granted Plaintiff's Application to proceed *in forma pauperis*, the Court now screens the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. § 1915(e). This Court shall *sua sponte* dismiss any claims that "(1) [are] frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court's review of the Complaint is guided by the pleading standard set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937

(2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Dismissal is appropriate where, accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, in order to survive dismissal, a complaint must "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court reviews the pleadings of *pro se* litigants with an extra measure of latitude. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 591, 520–21 (1972). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). Where a Court *sua sponte* dismisses a complaint, it must grant leave to amend unless further amendment would be futile. *See, e.g.*, *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 453 (3d Cir. 1996).

      Having reviewed Plaintiff's Complaint under the above standard, the Court concludes that Plaintiff's vague and unspecified allegations of disability-based harassment and retaliation fails to state a plausible claim for relief. At this time, the Court cannot determine whether further amendment would be futile, or whether appointment of counsel would appropriate.

Consequently,

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, and that Plaintiff may file an Amended Complaint no later than March 9, 2011, which this Court will screen pursuant to 28 U.S.C. § 1915(e); and it is further

ORDERED that Plaintiff's application for pro bono counsel is DENIED AS MOOT.

                                           /s/ Garrett E. Brown, Jr.
                                      GARRETT E. BROWN, JR., U.S.D.J.